NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KEVIN L. PERRY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2024-2051

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-3509, Judge Joseph L. Falvey, Jr.

_____

Decided:  April 10, 2025

_____

KEVIN LENARD PERRY, El Centro, CA, pro se.

ELIZABETH MARIE DURFEE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

_____

Before DYK, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

Mr. Perry appeals pro se a final order of the United States Court of Appeals for Veterans Claims. The Veterans Court denied Mr. Perry's petition for extraordinary relief. For the following reasons, we dismiss Mr. Perry's present appeal for lack of jurisdiction.

BACKGROUND

Mr. Perry previously served on active duty in the United States Army. Mr. Perry has an extensive history of pursuing claims for disability compensation primarily relating to a skin disorder, among other conditions. This extensive history led to a 2005 Board of Veterans' Appeals ("Board") decision that, as relevant here, denied Mr. Perry's claims for (1) an increased disability rating for his acne keloidalis nuchae with folliculitis, (2) a higher initial disability rating for a tender scar of the posterior scalp, and (3) service connection for various other conditions. Mr. Perry appealed the Board's 2005 decision to the United States Court of Appeals for Veterans Claims ("Veterans Court"), which, in May 2007, affirmed the Board's decision. *Perry v. Nicholson*, No. 05-1868, 2007 WL 1467183 (Vet. App. May 16, 2007).

At least three times, Mr. Perry has requested that the Veterans Court set aside its May 2007 decision. *Perry v. Shinseki*, No. 12-1346, 2012 WL 1835932 (Vet. App. May 21, 2012); *Perry v. McDonough*, No. 23-0372, 2023 WL 1778199 (Vet. App. Feb. 6, 2023); *Perry v. McDonough*, No. 24-3509, 2024 WL 2883930 (Vet. App. June 10, 2024). At issue in this appeal is Mr. Perry's most recent attempt of the three, *Perry v. McDonough*, No. 24-3509, 2024 WL 2883930 (Vet. App. June 10, 2024) ("*Order*").

In his most recent challenge to the Veterans Court's May 2007 decision, Mr. Perry petitioned the Veterans Court for extraordinary relief, requesting that it recall its

mandate. In a June 2024 order, the Veterans Court denied Mr. Perry's request, ruling that "Mr. Perry fails to show that disturbing our decision from 2007 is appropriate. At best, Mr. Perry's submission seeks to relitigate the merits of his VA claims." *Order*, at \*1 (citation omitted). The Veterans Court also determined that Mr. Perry's petition presented "no coherent argument for [it] to engage with." *Id.* (citation omitted). Accordingly, the Veterans Court denied Mr. Perry's petition for extraordinary relief.

Mr. Perry appeals.

## DISCUSSION

Our jurisdiction to review a decision of the Veterans Court is limited. We review the validity of a Veterans Court decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof" that the Veterans Court relied on in making its decision. 38 U.S.C. § 7292(a). Additionally, this court may not, unless a constitutional challenge is presented, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In the present appeal, Mr. Perry raises no legal or constitutional argument concerning the Veterans Court's June 2024 order. Mr. Perry's opening and reply briefs generally assert his entitlement to various disability compensation benefits, and that the Department of Veterans Affairs unreasonably delayed providing said benefits. *See, e.g.*, Appellant Informal Br. 5; Appellant Informal Reply Br. 2–4. Even under a lenient reading, at most, Mr. Perry challenges the facts underlying the Veterans Court's June 2024 order, or the application of law to facts. As such, Mr. Perry fails to raise a challenge to the Veterans Court's June 2024 order that falls within our narrow appellate jurisdiction. 38 U.S.C. § 7292(a), (d)(2).

CONCLUSION

For the reasons stated, we dismiss Mr. Perry's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

Costs against Mr. Perry.